## STATE AUTOMOBILE MUTUAL INS ASSN v LIND et

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 14, 1933

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff in error.

Nicholson & Warnock, Youngstown, for defendant in error.

FARR, J.

The principal issue in this case arises upon the question of notice to the insurer of the bringing of the action, and in this connection it may be noted that there is no allegation in the second amended petition that the assured forwarded the insurer the summons or process which had been served upon him, and Taylor, the soliciting agent, testifies that no summons was ever delivered to him. It is claimed, however, that in view of the fact that verbal notice was given to Taylor of the happening of the accident, and that the company accepted same, that such notice and the conduct of the Company were sufficient to indicate that the same kind of notice would be accepted by the Company as to the bringing of a suit against it by the party injured.

This of necessity requires reference to the latter part of the above provision of the policy, which may be again repeated in part, and which provides as follows:

"* * * provided the assured shall have given the association written notice immediately following the accident causing such injury or damage to property, **and shall thereafter give like notice of any claim or suit for damages, forwarding immediately to the association every notice, summons or process as soon as the same shall have been served.**"

From the foregoing it becomes readily apparent that it is required of the insured that there shall be forwarded immediately to the Association, not to a soliciting agent but to the Association, every notice, summons or process as soon as the same shall have been served. It is and must be conceded that this was not done, but Marsich claims that having given verbal notice of the accident to Taylor, and the same having been acted upon by the Company, that he then would have a right to rely upon Taylor to give the notice required in the latter part of the provision carried in the policy. It is conceded, or practically so, that Taylor in giving the first notice acted as the agent of his friend Marsich, with whom he had been employed in the mill, and that he was not therefore acting in behalf of the Insurance Company. The Company had a right to provide that such a notice or summons or process be mailed directly and immediately to it rather than to any agent or representative. Therefore it becomes clear that no such action was taken by Marsich, and that since a written notice is specified in the provision of the policy, that unless excused or waived by the Company itself that there could be no substitute for such notice.

It is disclosed by the record that the assured knew that he was to give written notice of the happening of the accident, and this is disclosed by the testimony of Marsich himself. It is equally clear from the record; in fact, it must be conceded, as above stated, that the assured failed to give like written notice to the insurer of the filing of the original suit by the injured party. It is true that Marsich claims that he showed the summons to Taylor and that Taylor handed it back to him. This, however, would fail to meet the requirements of the provision of the policy. Marsich admits that he did not give the Company any written notice of the beginning of the suit, and it is not proven or claimed that the summons was forwarded to the Insurance Company. It is further disclosed by the record and is admitted by parties that C. R. Taylor was merely a soliciting agent of the insurer and with the duties incident to such position that his obligation to the Company as to any insurance ended. The conclusion must be, therefore, in view of the foregoing, that this provision of the policy requiring written notice to the company of the beginning of any action against it by an injured party was not complied with in this case, because Taylor, the soliciting agent, claims that he did not see any summons and because verbal notice to Taylor would not be sufficient to bind the Company and principal because there is no proof that the Company ever received any notice in writing of the beginning of the action or the summons relating thereto.

The first assignment for error is that the trial court erred in overruling the motion of the defendant at the close of plaintiff's evidence to direct the jury to return a verdict for defendants, and this assignment for error will be referred to later. Secondly, it is claimed that the verdict is against the manifest weight of the evidence and contrary to law, and this claim of error will also be disposed of at the conclusion of this opinion. In number three it is claimed that the trial court permitted incompetent evidence to be introduced on behalf of plaintiff below. An examination of this claim of error leads to the conclusion that there was not evidence admitted sufficiently prejudicial to constitute reversible error; and in number four it is said that the trial court erred in giving plaintiff's special re-

quest to charge before argument.

These requests are set out in full in the brief of plaintiff in error and it is not necessary here to repeat them. It is sufficient to say that upon a careful examination of number one the conclusion is that it was erroneous and that the trial court did not leave to the determination of the jury the question of whether waiver of the terms of the policy requiring written notice to the agent existed, but specifically stated to the jury:

"If the insurance association accepted and acted upon verbal notice, through a soliciting agent, of the happening of a collision covered by its policy where its terms required written notice to the association at Columbus, Ohio, that would amount in law to a waiver of the terms of the policy."

This was certainly error because such waiver could not waive all the provisions of the policy. Request number two is somewhat lengthy and need not be repeated here. It is sufficient to say that the instruction beginning with the words "and you further find" to the conclusion is erroneous and prejudicial, in view of the conclusion heretofore reached and in view of the foregoing.

Some question is raised with reference to the general charge at page 175, which is likewise erroneous in view of the foregoing observation.

This disposes of all the questions raised by plaintiff in error in this case. Numerous and helpful cases and authorities are cited by counsel on both sides, really too numerous to be discussed within the limits of this opinion. It is sufficient therefore to say that in view of the foregoing it follows that the judgment is not sustained by any evidence, and such being the case the judgment will be reversed and a final judgment entered for plaintiff in error.

Judgment reversed.

POLLOCK and ROBERTS, JJ, concur in the judgment.